Leonard R. Berman
4711 SW Huber St., Suite E-3
Portland, OR 97219
(503) 473-8787
OSB # 96040
Easyrabbi@yahoo.com

<u>ATTORNEY FOR PLAINTIFF</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

TERESA TORRES, ARACELY HERNANDEZ, GLORIA SELEEN, Individually and On Behalf of a Class of Others Similarly Situated Similarly Situated

       Plaintiffs,

       v.

DR. ROBERT W. SNIDER, Personally,
DR. S. SHELTON, Personally,
D. BROWN, Personally,

       Defendants.

Case No. 3:17:CV- 17-624

**CLASS ACTION COMPLAINT**

Civil Rights: Prisoner 8th Amendment, Sexual Assault, Medical Malpractice, 42 USC Sec. 1983 Violation, Conspiracy to Violate Civil Rights 42 USC Sec. 1985 (3), Preliminary and Permanent Injunction Sought

**JURY TRIAL DEMANDED**

1  COMPLAINT

I. INTRODUCTION

INTRODUCTION

This is a class action brought to redress the deprivation by Defendants of rights secured to the Plaintiffs and proposed Class by the United States Constitution and the laws of the United States of America. For at least the last ten years, the Coffee Creek Corrections Facility (CCCF) has had a policy or practice of allowing a staff doctor Robert Snider to treat women inmates in private without a visible attendant after reports of sexual assault and misconduct. Kimberly Bepple and Bridgette Lewis filed a a formal complaint against Snider on or bout May 1, 2013, an internal SIU exonerated Snider and a federal suit was filed April 29, 2015 and since settled.

The State of Oregon and its agents starting in 2007 failed to meet the minimum medical standards of care for women inmates a Coffee Creek Correctional Facility ("CCCF") and allowed Robert W. Snider to conduct mandatory gynecological routine and other exams upon female inmates in which he sexually assaulted and battered patients with intimate, non-medical sexual assaults to the person. The State of Oregon continued to employ Dr. Snider after two reports of such tortious and criminal misconduct by plaintiffs Bepple and Lewis and the institution of a criminal investigation by the Oregon State Police (Reference # 34676) and in 2015 the state and Dr. Shelton promoted him to Chief Medical Officer (CMO). In June 2016, after numerous victims came forward, the state referred an external investigation to the Oregon State Police that is ongoing. Around June 2016, CCCF attempted to limit Dr. Snider from seeing female inmates for intimate exams. It is believed hundreds, if not thousands of women have been mistreated by Dr. Snider. Numerous former inmate patients report inappropriate dialogue

2  COMPLAINT

and moaning and one refused treatment due to his offensive and irregular behavior. It is believed Dr. Snider now works at OSP in Salem since late 2016 and not with women inmates.

1. Pursuant to 42 USC §1983 an Plaintiffs Torres, Hernandez and Seleen and allege that Defendants Snider, Shelton and Brown violated their $8_{th}$ Amendment rights by denying them safe and competent medical care and exposing them to tortious and criminal professional misconduct at the hands of their staff doctor Robert Snider. David Brown RN supervisor medical director Shelton conspired to hinder or obstruct prosecution of Dr. Snider and/or deprive inmates of safe care of the constitutional rights of redress under the First, Fifth and Fourteenth Amendments, resulting in medical mistreatment and malpractice, and causing wanton and needless infliction of significant discomfort , pain, anguish, emotional distress.

2. Plaintiffs seek awards of economic damages, non-economic damages, and attorney fees and litigation expenses/costs against Defendants. Plaintiff also seeks an award of punitive damages against Defendants.

## II. JURISDICTION

3. This Court has jurisdiction over Plaintiff's claims by virtue of 28 USC §§1331, 1343, and 1367.

## III. PARTIES

4. At all material times herein, Plaintiffs were in the custody and care of Coffee Creek Correctional facility (CCCF) run by the State of Oregon in Washington County. Seleen

3  COMPLAINT

and Hernandez are in custody and Torres is no longer in custody.

5. At all material times herein, Defendants were employees of the State of Oregon, acting under color of law and are sued in their official and individual capacities as well. Dr. Shelton is the Medical Director for the State, Snider was the Chief Medical Officer for CCCF and Brown was a nursing director for CCCF. Dr. Snider is still in the state's their employee, now believed to be in Salem.

### IV. FACTS

6. Starting approximately at his first employment in 2007, female inmates were compelled to be examined and treated for OB/GYN pap smear intake exams by Dr. Snider. On or about May 1, 2013, Dr. Snider treated both Kimberly Bepple and Bridgette Lewis for routine gynecological exams and pap smears. A curtain was drawn for both and no attendant was in view, only in earshot.

7. All plaintiffs had experienced routine exams and pap smears in and out of custody before without incident.

8. On or about May 1, 2012, Dr. Snider proceeded to manipulate the inner and outer and upper labia of Lewis' vagina repeatedly in a non-therapeutic and highly irregular and offensive manner never experienced before or since by Lewis in a therapeutic exam. . Snider moved the speculum in and out of Bepple for no therapeutic benefit.These maneuvers were done ostensibly for the sexual gratification of Dr. Snider. No medical explanation or direction was given for this tortious and sexually assaultive misconduct

9. On or about September 1, 2016, within 45 days of entry on August 16, 2016, Dr. Snider saw Ms. Seleen for an OB/GYN health issue. Several months earlier, CCCF restricted his

access to unattended female and OB/GYN patients.

10. Despite this restriction, Snider visited Seleen alone. He exposed her vagina and touched her leg in an erotic and caressing fashion near her vagina, before telling her that he had to refer her to an OB/GYN specialist. He instructed her to disrobe in front of him and gave no privacy as he watched her expose herself and then retrieve a device from her cervix.

11. His conduct creeped her out and she felt sexually abused. She has suffered psychic trauma from this sexually abusive incident. He should never have treated her from the outset, made her undress, touch and caress her, or even seen her at all. This was sexual assault, negligence and medical negligence.

12. On or about December 8, 2016, give or take three days, Ms. Hernandez was recuperating in the CCCF infirmary room 168A from gall bladder surgery. Her assigned provider was a Lisa Peng. Weeks earlier, the Inspector General (IG) visited her to inquire about an investigation of sexual abuse regarding the CCCF CMO Dr. Robert V. Snider.

13. While sedated on narcotics, Dr. Snider visited her, initially with a nurse or female assistant, however he sent her away and visited alone. Six months earlier, CCCF restricted his access to unattended female and OB/GYN patients.

14. Despite this restriction, he visited Hernandez alone. Ms. Hernandez noticed his name tag and said that she had met with the IG and told him she knew nothing good or bad about Snider. Dr. Snider asked her what she told the IG and she told him. This pleased him.

15. Despite having an abdominal incision, he went below her waistband exposing her vagina and C-section, She objected and locked her legs saying there was nothing to see down there, but he said he had to check. Before he left, he ran his hand under her bra, cupped

5  COMPLAINT

her left breast with his right hand and pinched her nipple in a scissor-like manner and said "Thank you for your good work."

16. When he returned on another visit, he had three female staff with him. She has suffered psychic trauma from this sexually abusive incident.

17. Since February 2016, Dr. Robert Snider has seen Ms. Torres for 6-12 visits for non-intimate conditions such as weakness due to anemia and reviewing her asthma condition in CCCF. On every visit, Dr. Snider has sexually assaulted her with intimate contact including massaging her shoulders, massaging around her breasts and even down to her buttocks.

18. On each visit, the touch and intimate contact intensified. She estimates 6-8 such visits since July 17, 2016, the last around late November or early December. A year ago, LPN Ridgely found cancerous cells on a vaginal exam. Ms. Torres had been waiting eight months for a long overdue PAP smear due and did not want Dr. Snider to conduct it.

19. When she asked Dave Brown for a new provider on 12/7/16, he said no, unless she had a "documented incident." This is months after the OSP started investigating Snider for sexual abuse and two year after a report of abuse on May 1, 2013 by two inmates.

20. Notices of Tort claim timely issued for Seleen on January 17 and February 22, 2017; January 9, 2017 for Ms. Hernandez; January 17, 2017 for Teresa Torres.

21. Ms. Hernandez is in the process of exhausting her administrative remedies and may have already exhausted them.

22. More than a dozen Snider victims since 2007 have come forward and continue to come forward.

## V.   FIRSTCLAIM FOR RELIEF

**(§1983 – 8th Amendment Violation)**

23. As applicable, Plaintiffs incorporate the above.

24. As described above, Dr. Shelton, David Brown, and Dr. Snider violated their right not to be subjected to cruel and unusual punishment and tortious and criminal assault during medically-compelled exams in violation 8th Amendment of the United States Constitution, with no medical basis for doing so.

25. As a result of the above, Torres, and Hernandez are entitled to an award of economic and noneconomic damages against the individual Defendants in amounts to be determined at trial.

26. As a result of the above, Ms. Torres and Hernandez are entitled to an award of punitive damages against all defendants in an amount to be determined at trial.

27. Plaintiffs should be awarded their attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

## VI. SECOND CLAIM FOR RELIEF

**(State Law Claim – Medical Negligence)**

28. As applicable, Plaintiffs Torres, Seleen And Hernandez incorporate the above.

29. All defendants were medically negligent in one or more of the following particulars:

 (a)  Failing to require a physical and visible attendant at gynecological exams;

 (b)  Failing to report Dr. Snider to the Oregon Board of Medical Examiners for alleged multiple counts of misconduct;

 (c)   Failing to hire, train and supervise medical staff in the proper treatment of women inmates

7  COMPLAINT

to prevent sexual abuse and assault;

(d) Failing to curtail continuing unfettered access to female patients on May 1, 2013 or at the latest June 1, 2013 after reports of abuse and misconduct;

(e) Failing to discipline or discharge Dr. Snider after May 1, 2012.

(f) Dr. Snider failing to treat patients in a safe, therapeutic, non-abusive fashion

30. As a direct result of the negligence of Dr. Shelton, Dave Brown, and Dr. Snider, and as a substantial factor and legal cause thereof, Torres, Hernandez, and Seleen have suffered economic and noneconomic damages against defendants in amounts to be determined at trial.

31. Torres, Hernandez and Seleen should be awarded their costs against defendants.

## VI.  SECOND CLAIM FOR RELIEF

### (State Law Claim – Sexual Battery)

**32**. As applicable, Plaintiffs incorporates the above.

33. Dr. Snider committed sexual battery against Plaintiffs Torres, Hernandez and Seleen while in his medical care at CCCF.

### DEMAND FOR PUNITIVE DAMAGES

34.   The actions of the Individual Defendants, detailed herein are outrageous, in that they involved a deliberate indifference to the health and safety of , and numerous others and allowed ongoing, long-term pain, suffering and sexual abuse of female inmates at CCCF.

### DEMAND FOR TRIAL BY JURY

35. Plaintiffs hereby request trial by jury.

8  COMPLAINT

## PRAYER FOR RELIEF

A. WHEREFORE, Plaintiffs request that this Honorable Court grants them the following relief:

B. A judgment against all Defendants, jointly and severally on Plaintiffs' First Cause of Action detailed herein, awarding Compensatory Damages to in an amount to be determined by a Jury.

C. A judgment against each individual Defendant on Plaintiffs' First Cause of Action for punitive damages for each.

D. A preliminary and permanent injunction enjoining Defendants from continuing to allow defendant Dr. Robert W. Snider, Shelton and Brown or other tortious individuals (Dr. Crim) to treat women in private for gynecological and pap smear exams absent a medical attendant visibly present and observing to prevent irreparable harm to current and future female inmates.

E. A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 2

**DATED This 20th** day of April, 2017.

                                                 Respectfully submitted by:
                                                 S//S Leonard R. Berman
                                                 _____
                                                 Leonard R. Berman, OSB # 96040
                                                 **ATTORNEY FOR PLAINTIFF**