IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TERESA TORRES,** *et al.*, | Case No. 3:17-cv-00624-SI |
| Plaintiffs, | **ORDER** |
| v. | |
| **DR. ROBERT W. SNIDER,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiffs Teresa Torres, Aracely Hernandez, and Gloria Seleen, have brought an action against Dr. Robert W. Snider, Dr. S. Shelton, and D. Brown, alleging that while Plaintiffs were incarcerated at Coffee Creek Corrections Facility ("CCCF") they were each sexually assaulted by Dr. Snider during mandatory gynecological exams and other medical procedures. Before the Court is Defendants' Motion for Partial Summary Judgment and Motion to Strike. ECF 35. For the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs Torres, Hernandez, and Seleen, have filed this putative "class action" complaint bringing one federal claim and two state common law tort claims against Defendants. ECF 1. Although Plaintiffs titled their Complaint as a "class action," Plaintiffs never filed a motion for class certification, which was due on February 1, 2018. ECF 16-17. Defendants assert that this case should therefore not be considered a class action, which Plaintiffs do not contest in any of their responsive pleadings. Accordingly, the Court will not treat the case as a class action.

In their Complaint, Plaintiffs Torres, Hernandez, and Seleen allege (1) federal 42 U.S.C. §1983 ("Section 1983") claims for violations of the Eighth Amendment's prohibition against cruel and unusual punishment, (2) state tort claims for medical negligence, and (3) state tort claims for sexual battery. ECF 1. Plaintiff Seleen alleges that Dr. Snider saw her "on or about September 1, 2016" for "an OB/GYN health issue." *Id.* at ¶¶ 9-11. Plaintiff Seleen alleges that Dr. Snider "exposed her vagina and touched her leg in an erotic and caressing fashion near her vagina, . . . instructed her to disrobe in front of him and gave no privacy as he watched her expose herself and then retrieve a device from her cervix." *Id.* at ¶ 10. Plaintiff Torres alleges that "[s]ince February 2016," Dr. Snider saw her for six to twelve visits for "non-intimate" conditions such as anemia and asthma. *Id.* at ¶ 17. Plaintiff Torres alleges that Dr. Snider sexually assaulted her with intimate contact, including massaging her shoulders, the area around her breasts, and "down to her buttocks" during these visits. *Id.* Plaintiff Torres also alleges that she asked for a new provider and was not permitted to have one. *Id.* Plaintiff Hernandez alleges that Dr. Snider visited her "on or about December 8, 2016" following her gallbladder surgery, asked the nurse to leave the room, exposed Plaintiff Hernandez's vagina and cesarean section ("c-section") scar, cupped her breast under her bra, and pinched her nipple. *Id.* at ¶¶ 12-16.

Plaintiffs allege that Defendant Brown and Defendant Shelton "conspired to hinder or obstruct prosecution of Dr. Snider and/or deprive inmates of safe care." ECF 1. Plaintiff Torres was released from prison before the filing of the complaint in this case; Plaintiff Seleen is currently incarcerated but will be released before the trial of this matter. Plaintiff Hernandez is incarcerated and will likely remain incarcerated beyond the time set for trial.

## STANDARDS

### A. Summary Judgment

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

### B. Exhaustion

The exhaustion provision of the Prison Litigation Reform Act ("PLRA") states:

> No action shall be brought with respect to prison conditions under
> Section 1983 of this title, or any other Federal law, by a prisoner

> confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204 (2007). The defendant has the burden to prove that there was an available administrative remedy, which the prisoner failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). After the defendant has carried that burden, the prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). The ultimate burden of proof, however, rests with the defendant. *Id.*

## DISCUSSION

Defendants have moved for partial summary judgment on the following grounds: (1) Plaintiffs Hernandez and Seleen failed to fully exhaust all of their available administrative remedies before the Complaint was filed against Defendants; (2) Plaintiffs' § 1983 claims for monetary damages against the named Defendants in their official capacities are barred by the Eleventh Amendment; (3) Plaintiffs' § 1983 claims must be based on an individual's personal involvement in depriving a constitutional right and cannot succeed under a respondeat superior theory; (4) Plaintiffs' failure to plead or prove economic damages on state law claims; (5) Plaintiffs' lack of entitlement to non-economic damages on state law claims; (6) Plaintiff Torres failed to file a timely tort claim notice for all of her allegations in support of her state common law tort claims; (7) the State of Oregon should be substituted in for the individual-named Defendants on the state common law claims; (8) after substituting in the State of Oregon, Plaintiffs' state common law tort claims should be dismissed pursuant to Eleventh Amendment

immunity; and (9) Defendants Brown and Shelton are shielded from § 1983 liability by the doctrine of qualified immunity. ECF 35.[1]

Plaintiffs have conceded that suit against Defendants in their official capacities is barred under the Eleventh Amendment and that Plaintiff Torres' tort claim notice was partially late, and therefore Plaintiff Torres relinquishes state claims not filed within the 180-day window (i.e., allegations occurring earlier than July 21, 2016). The Court therefore proceeds with the remaining portions of Defendants' motion for partial summary judgment that Plaintiffs do not concede.

## A. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires exhaustion of all available administrative remedies before filing "any suit challenging prison conditions . . . ." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Inmates are required to exhaust all available grievance remedies before filing a Section 1983 action, including appealing the grievance decision to the highest level within the grievance system. *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Under the PLRA, if a defendant shows that there was an available administrative remedy and that the prisoner did not exhaust that available remedy, then the prisoner has the burden of production to come forward with evidence

---

[1] Defendants further seek to strike the additional "claims" in the caption, which are not presented anywhere else in the body of the Complaint, as well as the details about other cases, another settlement, and other allegedly "tortious individuals" who are not named defendants. Defendants also seek to strike all references to this action being a "class action," as Plaintiffs failed to file the requisite motions to classify this action as such. ECF 35. Plaintiffs have conceded these motions, and therefore the Court grants them. ECF 33. Defendants also add new arguments in their Reply (ECF 42), including that Plaintiff Seleen cannot establish her claims, but the Court disregards these arguments. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")

showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him; however the ultimate burden of proving exhaustion as an affirmative defense remains with the defendant. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). In Oregon prisons, grievances are processed in accordance with the Oregon Administrative Rules (Or. Admin. R.) governing the Grievance Review System found in Chapter 291, Division 109. ECF 37 at ¶ 12.

Plaintiff Hernandez filed Grievance CCCF-2017-01-003, dated December 31, 2016, and received on January 4, 2017. *Id.* at ¶ 30, Ex. 8. The grievance stated that while Hernandez was housed in the infirmary recovering from gall bladder surgery, Dr. Snider came into her room and while examining her surgical incision, he molested her. On January 4, 2017, Captain Alana Bruns responded to Hernandez's grievance stating that hers allegations had been reported to the Oregon State Police and ODOC's Special Investigations Unit. *Id.* at ¶ 31; *see also* ¶ 30, Ex. 8. Plaintiff Hernandez did not file a first or second level appeal to grievance CCCF-2017-01-003. *Id.* at ¶ 32.

Plaintiff Seleen filed Grievance CCCF-2017-11-049 dated November 22, 2017 and received on November 29, 2017. *Id.* at ¶ 25, Ex. 7. Plaintiff Seleen alleges that she had been seen by Dr. Snider on or around September 9, 2016, and that he had made her remove a medical device from her cervix and "hot trash" it (meaning to dispose of it in a secure trash that other inmates do not have access to). *Id.* Plaintiff Seleen alleged that Dr. Snider had touched her leg near her vagina and was breathing heavily which made her feel like she was sexually assaulted. *Id.* Plaintiff Seleen also did not file any appeals to this grievance. *Id.* at ¶ 27.

This suit was filed on April 20, 2017. ECF No. 1. Plaintiff Seleen filed her grievance after the lawsuit was filed. Arrington Decl. at ¶¶ 25-29, Ex. 7. Accordingly, she did not exhaust

the grievance review process before filing suit. Plaintiff Hernandez filed her grievance before the filing of the lawsuit; however, she never appealed the response to her grievance. Arrington Decl. at ¶¶ 30-34, Ex. 8.

Plaintiffs Hernandez and Seleen argue that they did not need to exhaust their administrative remedies because they are raising constitutional claims. ECF 40. Plaintiffs cite to an Order this Court issued in another case: *Dillon, et al. v. Clackamas Co., et al.*, 3:14-cv-00820-YY, ECF No. 160. That Order, however, does not address the failure to exhaust administrative remedies. *See Dillon*, 3:14- cv-00820-YY, ECF No. 160. Plaintiffs Seleen and Hernandez have offered no argument for why "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile" nor any other argument for why the PLRA exhaustion requirement does not apply. *Williams*, 775 F.3d at 1191. The federal claims of Plaintiffs Hernandez and Seleen are therefore dismissed.

**B. Section 1983 Claims against Defendants Brown and Shelton**

In order to be held liable under Section 1983 each individual defendant must be personally involved in the constitutional deprivation. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in, or directed the violations or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The only factual assertions made in Plaintiffs' complaint regarding the actions of Defendants Brown or Shelton are that Plaintiff Hernandez asked Brown for a new doctor in December 2016, which Brown refused "unless she had a 'documented incident.'" Plaintiffs assert that this denial was months after the OSP began investigating Snider for sexual abuse, and two years after a report of abuse by two other inmates. Plaintiffs also assert that Shelton promoted Snider to Chief Medical Officer in 2015. The Complaint contains no other factual assertions about these two Defendants. Because Plaintiffs have not alleged facts that provide some basis for why Defendants Brown and Shelton were personally involved in the alleged deprivation of Plaintiffs' constitutional rights, the § 1983 claims against Brown and Shelton are dismissed. The Court therefore need not reach Defendants' alternative argument that Brown and Shelton are entitled to qualified immunity from the § 1983 claims.

C. **Failure to Plead Economic Damages**

Defendants argue that pursuant to Rule 18 of the Oregon Rules of Civil Procedure, economic damages must be specifically pleaded in both nature in amount. Defendants argue that because Plaintiffs did not specifically plead economic damages for their state-law claims, Defendants are entitled to summary judgment on those claims. Under *Erie R. R. Co. v. Tompkins*, 304 U.S. 64 (1938), when a federal court exercises diversity or pendent jurisdiction over state law claims, "'the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.'" *Felder v. Casey*, 487 U.S. 131, 152 (1988). State law limitations on damage awards are outcome determinative and must be applied under *Erie*. *See Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945). This means that Oregon law limiting damages will apply to the state law claims in this case. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 429-31 (1996).

But it is equally clear that the determination of whether a pleading standard has been met with adequate specificity is a procedural one and is governed by federal rules, as the issue is directly covered by the Federal Rules of Civil Procedure. "The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). Because the Federal Rules of Civil Procedure governs the specificity required in pleading, Defendants' argument that Plaintiffs' Complaint does not plead their economic damages with adequate specificity under the Oregon Rules is without merit. *See generally McLean v. Pine Eagle School Dist., No. 61*, 194 F. Supp. 3d 1102, 1122-23 (D. Or. 2016) (denying summary judgment based on the argument that Plaintiff's Complaint did not "expressly allege a specific amount of damages" for Oregon state tort claim and noting that Rule 8(a) of the Federal Rules of Civil Procedure applied). Accordingly, the notice pleading standard under Rule 8(a)(2) of the Federal Rules of Civil Procedure applies to Plaintiffs' allegations regarding economic damages. Defendants' motion for summary judgment against the state-law claims on this basis is denied.[2]

**D. Substituting the State of Oregon for the Individually-Named Defendants**

Defendants argue that the State of Oregon should be substituted for the individually-named Defendants in Plaintiffs' state law claims. Defendants argue this is because pursuant to the OTCA the "sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties . . . shall be an action against the public

---

[2] Defendants' argument that Plaintiff cannot be awarded non-economic damages is based on the premise that Plaintiffs have failed to adequately plead economic damages. Because the Court finds that Plaintiffs have adequately pleaded economic damages under the Federal Rules, the Defendants' argument regarding non-economic damages also fails.

body only." Or. Rev. Stat. § 30.265(1); *Demaray v. Dept. of Environmental Quality*, 127 Or. App. 494, 502 (1994). Defendants, however, have not met their burden in establishing, nor have they even argued, the absence of a genuine dispute of whether Defendants' actions were "within the scope of their employment or duties." *See, e.g., Walthers v. Gossett*, 148 Or. App. 548 (1997) (noting that the question of whether an employee's alleged sexual abuse of a patient "is typically a jury question" and holding that trial court did not err in finding that acts of sexual abuse were not within the course and scope of employee's employment.) It is therefore not clear whether the conduct at issue in this case falls within the scope of Or. Rev. Stat. § 30.265(1) and thus whether Plaintiffs must bring an action only against the State of Oregon. Defendants make no other arguments for why the state law claims against any of the Defendants should be dismissed.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment and Motion to Strike (ECF 35) is GRANTED in part and DENIED in part consistent with this Order. The claims remaining in the case are Plaintiff Torres' § 1983 claim against Defendant Snider and all Plaintiffs' state-law claims against all Defendants in their individual capacities.

**IT IS SO ORDERED.**

DATED this 23rd day of April, 2019.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge